LAWRENCE v The LIEUTENANT–ADMIRAL COLLINBERG. See Case No. 3,716.

LAWRENCE (LOTTIMER v.). See Case No. 8,521.

LAWRENCE (McCALL v.). See Case No. 8,672.

LAWRENCE (McCALMONT v.). See Case No. 8,676.

LAWRENCE (MAILLARD v.). See Cases Nos. 8,971 and 8,972.

LAWRENCE (MORLOT v.). See Cases Nos. 9,815 and 9,816.

---

## Case No. 8,139a.
### LAWRENCE v. NEW YORK.
[13 Reporter, 742.] [1]

Circuit Court, S. D. New York. April 22, 1882.

ASSESSMENTS FOR CITY IMPROVEMENTS—VALIDITY—FRAUD—BURDEN OF PROOF.

In an action to set aside assessments as fraudulent, where the proofs do not show whether the complainant or the defendant was affected by the fraud, the burden upon the complainant is not sustained, and the bill will be dismissed.

Bill in equity to vacate assessments for street improvements upon lands of the orators' testator, in the city of New York, up n the ground that the assessments, though regular in form, were fraudulent in fact, and for that reason void, but constituted a cloud upon the title.

J. S. Cram, for orators.
Wm. C. Whiting, for defendant.

WHEELER, District Judge. The fraud is, in general terms, denied in the answer. That fraud is never to be presumed, but must be proved, in order to furnish any ground for relief or recovery, is elementary. The burden of proving fraud, and fraud upon their testator in this case, rests upon the plaintiffs. The fraud alleged consisted in giving up one contract, against which no objection is made, and substituting another at largely increased prices, with no apparent object except plunder of the funds. This would be a fraud noticeable in law in favor of the party suffering from it. The cost of the work under the first contract would have been $99,865.02. Under the second contract it was $170,215.51. If the assessments would make any considerable portion of this increase come out of the property of the testator, they would be, at least, pro tanto, fraudulent as to him. By section 7, c. 326, p. 273, Laws N. Y. 1840, the assessments could not exceed one-half the value of the land, as valued by the assessors of the ward. Of this expenditure $6,531.64 was assessed upon the testator's lands. The case does not show what the valuation of them was. What was not assessed upon lands was borne by the city; what part was borne by the city

---

[1] [Reprinted by permission.]

and what by the landholders does not appear. It may be that the assessments would not exceed the costs under the first contract. It cannot be found from the case whether they would or not. If they would not, the increase in the cost by the second contract would not affect the landholders; the increase would defraud the city, not them. Proof of a fraudulent increase does not make out any fraud upon them. Fraud vitiates everything, but only as to those affected by it. The city and the testator both may be defrauded by this transaction. If the city is defrauded by having to pay an increased amount above the assessments, it would be defrauded still further by being compelled to lose the assessments. The burden is not upon the city to show that it, and not the testator, was defrauded; and it was not cast upon the city by showing that one or the other was. The burden is upon the orators throughout to show that the testator was, and this burden is not sustained. This conclusion renders consideration of the other questions raised unnecessary. Bill dismissed.